IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEWAYNE B. CHAMBERS, # 176305, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:15cv101-MHT |
| ) | (WO) |
| KARLA JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Dewayne B. Chambers ("Chambers") on January 26, 2015.[1] Doc. No. 1. Chambers challenges his conviction for unlawful distribution of a controlled substance (cocaine) and the resulting 42-year sentence of imprisonment entered against him in January 2012 by the Circuit Court of Houston County, Alabama. He argues that the state trial court (1) failed to advise him of the correct sentencing range before he entered his guilty plea; (2) erred by allowing him to be sentenced to two five-year enhancements not charged in the indictment; and (3) erred by summarily denying his motion to withdraw his guilty plea without holding an evidentiary hearing. *Id*. at 5-8.

---

[1] Although Chambers's petition was date-stamped as received in this court on February 6, 2015, it was signed by Chambers as delivered to prison authorities for mailing on January 26, 2015. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

The respondents have filed an answer (Doc. No. 9) in which they argue that Chambers's petition is time-barred by the one-year limitation period applicable to § 2254 petitions, as set forth in 28 U.S.C. § 2244(d).  Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Chambers's petition should be denied as untimely.

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## Proceedings in State Courts

The record reflects that on January 9, 2012, Chambers entered a guilty plea in the Houston County Circuit Court to the charge of unlawful distribution of a controlled substance. *Resp'ts Ex. 1* at C. 69-70, R. 1, 6. On that same date, the trial court sentenced Chambers as a habitual offender to 42 years in prison, to run concurrently with a 40-year sentence he was already serving. *Id.* at 8-10. On September 14, 2012, on direct appeal, the Alabama Court of Criminal Appeals affirmed Chambers's conviction and sentence by memorandum opinion.[2] *Resp'ts Ex. 4*. Chambers applied for rehearing, which was denied in a memorandum opinion issued on May 24, 2013. *Resp'ts Exs. 5 & 6*. Chambers then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 16, 2013; a certificate of judgment was issued the same day. *Resp'ts Exs. 7 & 8*. Chambers did not seek certiorari review in the United States Supreme Court. Nor did he challenge his conviction or sentence via a state-court petition under Rule 32 of the Alabama Rules of Criminal Procedure.

## Application of Federal Limitation Period

Section 2244(d)(1)(A) of the AEDPA provides that the one-year limitation period for

---

[2] On direct appeal, Chambers raised essentially the same claims he presents in his § 2254 petition.

filing a § 2254 petition begins to run upon the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Thus, for purposes of the statute, Chambers's conviction became final on November 14, 2013, ninety days after the Alabama Supreme Court issued its August 16, 2013, certificate of judgment. *See, e.g., Sibley v. Culliver*, 377 F.3d 1196, 1198-99 (11th Cir. 2004); *Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003); Rule 13.1, *Rules of the United States Supreme Court*. Under § 2244(d)(1)(A), the one-year limitation period to file a § 2254 habeas petition commenced on that date. Absent any form of tolling, the limitation period for Chambers to file expired on November 14, 2014. As noted above, he filed the instant petition on January 26, 2015.

Chambers is not entitled to statutory tolling under § 2244(d)(2), because he never challenged his conviction or sentence via a state-court petition under Ala.R.Crim.P. 32. *See* 28 U.S.C. § 2244(d)(2). The statutory tolling provisions of §§ 2244(d)(1)(B)-(D) also do not provide safe harbor for Chambers such that the federal limitation period commenced on some date other than November 14, 2013. There is no evidence that any unconstitutional or illegal State action impeded Chambers from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Chambers presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The federal limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Chambers fails to set forth any facts that demonstrate the existence of "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period in his case. Consequently, he is not entitled to equitable tolling.

Under the circumstances set forth above, the one-limitation period of 28 U.S.C. § 2244(d) expired on November 14, 2014. Because Chambers did not file his § 2254 petition until January 26, 2015, his petition is time-barred and this court may not address the merits.

Chambers has argued, incorrectly, that the federal limitation period does not apply to his § 2254 petition because he presents what he says are "jurisdictional" claims regarding the legality of his sentence. *See* Doc. No. 1 at 13-14; Doc. No. 11 at 1-2. If this court were an Alabama court, his argument might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a Rule 32 proceeding not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c), because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court). However, there is no exception to the limitation period in 28 U.S.C. § 2244(d) for such claims seeking to

5

impugn the jurisdiction of the state trial court.  That Chambers calls his claims jurisdictional does not entitle him to relief from operation of the federal statutory limitations bar.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before April 30, 2015.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of April, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE